UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

GISELA REYES,

    Plaintiff,

vs.

AMERICAN GIFT CORPORATION,
a Florida Profit Corporation,

    Defendant.

_____/

**COMPLAINT**

COMES NOW, GISELA REYES, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant AMERICAN GIFT CORPORATION, a Florida Profit Corporation (hereinafter, "Defendant"), and states:

**JURISDICTION AND VENUE**

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq*., the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq*., the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, the Florida workers' compensation laws under Florida Statute § 440.205, and to redress injuries resulting from Defendant's unlawful, retaliatory discharge of Plaintiff.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant in Miami, Florida.

**PARTIES**

5. Plaintiff was at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff at all times relevant, was employed by Defendant on a full-time basis as a factory worker. Plaintiff was hired on or about 2006 and terminated on March 25, 2020.

7. Defendant is a Florida corporation organized and existing in Florida with its principal place of business in Florida and authorized to do business in Florida. Specifically, Plaintiff worked at Defendant's principal location in Miami, Florida. All facts which give rise to this complaint occurred in Miami, Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Defendant has, at all times material, employed 20 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the ADEA.

10. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

11. Plaintiff's Charge was filed on or about July 22, 2020. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

12. Plaintiff was terminated from her position on or about March 25, 2020. Her Charge was therefore timely filed.

13. Plaintiff was issued a Notice of Right to Sue on March 4, 2021. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

14. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

15. All other conditions precedent to this action have been performed or have been waived.

## **GENERAL ALLEGATIONS**

16. Plaintiff is a member of a class protected under the ADEA and FCRA in that she is a person over forty (40) years old.

17. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion and was at all times qualified for her job in that she maintained her position without incident.

18. On or around 2016, the Plaintiff injured her back and right hand at work, which limited her ability to move, lift, or push with her left hand. She requested a reasonable accommodation and the Defendant provided it.

19. However, on or about February 2020, the Plaintiff re-injured her hand while unpacking glasses and painting for the Defendant.

20. Plaintiff suffered from a hand injury that would cause her to experience extreme pain when moving, lifting, or pushing with her hand. This condition is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impairs the Plaintiff's ability to perform manual tasks. The ability to perform manual tasks is considered a "major life activity" as defined by

the ADA and the ADAAA. The Defendant was aware of this condition from the time the Plaintiff was injured.

21. Immediately after the Plaintiff was injured, she requested to see a doctor because she was experiencing a lot of pain and an accommodation to work in an area that would require less stress to her hand injury.

22. This request was made specifically to Supervisor Heidi Perez, in which she told the Plaintiff that no doctor would be provided, but they would change her to a light-duty position.

23. Shortly thereafter, the Plaintiff sought out medical attention on her own and was told by her doctor that she would need surgery for her hand.

24. The Plaintiff reported the diagnosis and treatment to Karla Matos and reported that she could perform all of the duties necessary during the healing process in her new light-duty assignment.

25. Karla Matos assured the Plaintiff that she would be accommodated and given the time to heal in this new position, however, on March 25, 2020, the Plaintiff was terminated.

26. Both Karla Matos (40's) and Supervisor Heidi Perez (40's), treated Plaintiff differently than other similarly situated younger employees.

27. Specifically, the Defendant told the Plaintiff that the termination resulted from the COVID-19 pandemic, however, upon information and belief, employees who were younger than the Plaintiff kept their employment and have called other younger employees back for employment except for the Plaintiff.

28. Upon information and belief, Defendant's reason for termination (if any) is pretextual for unlawful discrimination and or retaliation.

29. Defendant denied Plaintiff her protected request for a reasonable accommodation and retaliated against her for her requests.

30. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's age, request for accommodation, and/or intent to seek benefits for workers' compensation were a motivating factor in the decision for the adverse employment action.

31. Defendant acted with intentional disregard for Plaintiff's rights under the FCRA, the ADEA, the ADA, and the ADAAA.

32. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

33. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE ADEA
## (AGE DISCRIMINATION)

34. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 of this complaint as if set out in full herein.

35. Defendant, by and through its supervisor, did not treat Plaintiff the same as other younger employees as alleged above.

36. Heidi Perez and Karla Matos acted on behalf of Defendant and acted within the scope of their duties.

37. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, younger employees were allowed to keep their jobs and/or were re-hired during the COVID-19 pandemic.

38. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

39. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the ADEA, as amended.

40. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

41. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her Age in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

42. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was over the age of forty (40), in violation of the Act.

43. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses.

44. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages and benefits pursuant to the provisions of the Act.

45. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Heidi Perez and Karla Matos and/or other employees. Therefore, Plaintiff is also entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that:

A. Adjudge and decree that Defendant has violate the ADEA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Award Plaintiff an equal amount in double damages/liquidated damages;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to statute; and

F. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (AGE DISCRIMINATION)

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 of this complaint as if set out in full herein.

47. Plaintiff brings this action under the "FCRA", §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her age.

48. Defendant, by and through its supervisors, by the conduct describe above, has engaged in discrimination against Plaintiff because of Plaintiff's age.

49. Defendant's managers acted with intentional disregard for Plaintiff's rights under the FCRA.

50. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff.

51. Defendant did not provide Plaintiff with a reason for the disparate treatment she was subjected to.

52. At all times material hereto, the employees exhibiting discriminatory conduct toward Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

53. Specifically, Heidi Perez and Karla Matos, at all material times, acted on behalf of Defendant and acted within the scope of their duties.

54. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

55. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

56. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Heidi Perez and Karla Matos and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE**, Plaintiff requests that:

    A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay,

benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA AND ADAAA

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 of this complaint as if set out in full herein.

58. Plaintiff is disabled as she suffers from a medical condition that limits her ability to move, lift, and push with her hand.

59. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation.

60. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

61. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). At the time Plaintiff re-injured her hand, Plaintiff requested to be re-assigned to a different area.

62. Plaintiff made this request to her Supervisor, Heidi Perez and Karla Matos on or about February 2020.

63. These requests were reasonable and would not have caused Defendant undue hardship.

64. As a result of Defendant's action, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

65. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of Defendant's willful conduct in denying her request(s).

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

A. Actual damages as a result of Defendant's discriminatory actions;

B. Punitive damages due to Defendant's willful behavior;

C. Compensatory damages;

D. Injunctive relief where feasible;

E. Attorney's fees;

F. Costs of this action; and

G. Any other relief this Court deems proper.

## COUNT IV
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

66. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 of this complaint as if set out in full herein.

67. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer: (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

68. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

69. Specifically, Plaintiff alleges that Defendant wrongfully denied her reasonable requests for an accommodation to her disability.

70. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such disability.

71. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

72. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

73. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional

anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

74. Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## VIOLATION OF THE ADA AND ADAAA
## (RETALIATION)

75. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 of this complaint as if set out in full herein.

76. Plaintiff requested reasonable accommodation(s) for her disability. This request was made to the Plaintiff's supervisor, Heidi Perez and Karla Matos.

77. As a direct result of Plaintiff's requests for a reasonable accommodation, Plaintiff was subjected to disparate treatment and adverse employment action.

78. Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAA.

79. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

80. Defendant's states reason(s) for denying Plaintiff's request for accommodation is pretextual.

81. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for reasonable accommodation, was a motivating factor in the decision for the adverse employment action(s).

**WHEREFORE,** Plaintiff requests that:

    A. The Court award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional

  pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT VI
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (RETALIATION)

82. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 of this complaint as if set out in full herein.

83. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq*. for Defendant's retaliatory conduct.

84. On or about February 2020, the Plaintiff made a request for a reasonable accommodation for her disability.

85. This request was a protected activity under the FCRA.

86. As a direct result of Plaintiff's request, Defendant terminated Plaintiff without valid cause.

87. Plaintiff's request for a reasonable accommodation of her disability was a motivating factor in Defendant's decision to terminate Plaintiff.

88. Defendant knew of Plaintiff's disability and her request as Plaintiff made this request to Heidi Perez and Karla Matos who were supervisors of Defendant corporation.

89. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

90. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

91. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Heidi Perez and Karla Matos and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

92. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

93. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for a reasonable accommodation and sick leave, were a motivating factor in the decision for the adverse employment action(s).

94. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

    A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

    B. The Court award punitive damages as permitted under the law;

    C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the

      full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

## COUNT VII
## VIOLATION OF WORKERS' COMPENSATION LAWS

95. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-33 of this complaint as if set out in full herein.

96. Plaintiff brings this action under Florida Law prohibiting retaliation for filing or attempting to file a valid workers' compensation claim under Florida Statutes § 440.205.

97. Plaintiff sought workers' compensation benefits for medical treatment for her hand injury sustained while working for Defendant in accordance with the provisions of the Workers' Compensation Law.

98. Shortly thereafter, Plaintiff was terminated.

99. It is clear that Defendant took adverse employment actions against Plaintiff because of her valid claim for compensation under the Workers' Compensation Law.

100. Plaintiff's compensation claim was a motivating factor in Defendant's decision to ultimately terminate Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by the retainment of other employees and/or the rehiring of other employees.

101. Plaintiff's work record with Defendant prior to her termination was satisfactory.

102. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful

conduct of Heidi Perez and Karla Matos and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

103. Any purported reason for Plaintiff's discharge given by Defendant is pretextual.

**WHEREFORE,** Plaintiff demands judgment for:

A. Plaintiff's lost wages and/or benefits as a result of her termination;

B. Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

C. Interest on all monies owed;

D. Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes;

E. A trial by jury; and

F. Any other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff GISELA REYES demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: May 28, 2021

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com